Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIAN HERNANDEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> QUANTUM 3 MEDIA, LLC, and DOES 1 through 10, inclusive, and each of them, <br><br> Defendants. | Case No. 5:22-cv-1207 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. The California Invasion of Privacy Act [Cal. Penal C. § 631] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Vivian Hernandez ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.  Plaintiff brings this class action on behalf herself and all others

**CLASS ACTION COMPLAINT**
-1-

similarly situated against Defendant QUANTUM 3 MEDIA, LLC ("Defendant") for wiretapping the electronic communications of visitors to Defendant's website[1]. These wiretaps, which are embedded in the computer code on Defendant's website, are used by Defendant to secretly observe, monitor, and record website visitors' keystrokes, mouse clicks, and other electronic communications. By doing so, Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal C. § 631, entitling Plaintiff and class members to relief pursuant to Cal. Penal C. § 637.2.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in North Carolina, and state of incorporation in Delaware. Plaintiff also seeks $5000.00 in damages for each violation of CIPA, pursuant to Cal. Penal C. § 637.2(a)(1), which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California Plaintiff resides within this district.

## PARTIES

4. Plaintiff, VIVIAN HERNANDEZ ("Plaintiff"), is a natural person residing in San Bernardino County, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

---

[1] https://quantum3media.com/

5. Defendant, QUANTUM 3 MEDIA, LLC ("Defendant") is a limited liability company incorporated in the state of Delaware, and with its principal place of business in the state of North Carolina.

6. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. On information and belief, Defendant utilizes a real time software on its website in an attempt to comply with the Telephone Consumer Protection Act by documenting evidence of consent to receive telemarketing calls.

9. The software utilized by defendant allows it to record the activity of visitors to Defendant's website, including but not limited to, keystrokes, mouse clicks, data entry, and other electronic communications.

10. On information and belief, the recording of these electronic communications begins as soon as a user interacts with Defendant's website.

11. In or around July of 2021, Plaintiff visited Defendant's website.

12. On information and belief, during that visit, Defendant's website began to record electronic communications made by Plaintiff on Defendant's website, including but not limited to keystrokes, mouse clicks, and data entry.

13. Nowhere on Defendant's website does Defendant disclose that it employs such wiretaps. To be sure, Defendant's privacy policy makes no mention of this type of wiretapping.[2]

14. Once a visitor accesses Defendant's website, the wiretap is deployed. As such, even if Defendant did disclose its wiretaps, visitors of the site would be unable to discover such disclosure until after their electronic communications were wiretapped.

15. Plaintiff and class members did not consent to being wiretapped on Defendant's website.

## CLASS ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within California, who, within one year of the filing of this Complaint, visited Defendant's website, and whose electronic communications were intercepted, recorded, or monitored by Defendant without their consent.

17. Plaintiff represents, and is a member of the Class, consisting of all persons within California, who, within one year of the filing of this Complaint, visited Defendant's website, and whose electronic communications were intercepted, recorded, or monitored by Defendant without their consent.

18. Defendant, its employees and agents are excluded from The Class.

---

[2] https://quantum3media.com/privacy-policy/

1  Plaintiff does not know the number of members in The Class, but believes the
2  Class members number in the thousands, if not more.  Thus, this matter should be
3  certified as a Class Action to assist in the expeditious litigation of the matter.

   19.   The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

   20.   Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally recorded, intercepted, or monitored the electronic communications of Plaintiff and Class Members without their consent, thus invading the privacy of said Plaintiff and Class members.

   21.   Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a.   Whether, within the one year prior to the filing of this Complaint, Defendant recorded, intercepted, or monitored the electronic communications of Plaintiff and Class Members on its website;

   b.   Whether Defendant violated CIPA;

   c.   Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

   d.   Whether Defendants should be enjoined from engaging in

such conduct in the future.

22.   As a person who visited Defendant's website and had her electronic communications recorded, intercepted, and monitored, Plaintiff is asserting claims that are typical of The Class.

23.   Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions under CIPA.

24.   A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

25.   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

26.   Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

# FIRST CAUSE OF ACTION
## Violations of the California Invasion of Privacy Act
## Cal. Penal C. § 631

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

28. A plaintiff can establish liability under Cal. Penal C. § 631(a) by showing that a defendant, "by means of any machine, instrument, contrivance, or in any other manner," did any of the following:

   a. Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system;
   b. Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within California;
   c. Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained; or
   d. Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

29. CIPA is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. *See Matera v. Google Inc.,* 2016 WL 8200619 at *21 (N.D. Cal. Aug. 12, 2016)(holding that CIPA applies to "new technologies."); *see also Bradley v. Google, Inc.* 2006 WL 3798134 at *5-6 (N.D. Cal. Dec. 22, 2006)(holding that CIPA governs "electronic communications.").

30. The software employed by Defendant on its website is a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct at issue in this Complaint.

31. At all relevant times, Defendant intentionally, tapped the lines of

internet communication between Plaintiff and Class Members on one side, and Defendant's website on the other.

32. At all relevant times, Defendant willfully, and without the consent of all parties to the communication, read or attempted to read or learn the contents or meaning of electronic communications of Plaintiff and Class Members, while the electronic communications were in transit over any wire, line or cable, or were being sent from or received at any place within California.

33. Plaintiff and Class Members did not consent to any of Defendant's actions in implementing wiretaps on its website, nor have Plaintiff or Class Members consented to Defendants' intentional access, interception, recording, monitoring, reading, learning, and collection of Plaintiff and Class Members' electronic communications.

34. Unless enjoined, Defendant will continued to commit the illegal acts alleged here.

35. Defendant's conduct, described herein, constitutes numerous and multiple violations of Cal. Penal C. § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of $5,000.00 per violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

- An order certifying the Class under Rule 23, and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;
- For an order declaring that Defendant's conduct violates the statutes referenced herein;
- For an order finding in favor of Plaintiff and the Class on all causes of action asserted herein;

- For compensatory, punitive, and statutory damages in amounts to be determined by the Court and/or jury;
- For prejudgment interest on all amounts awarded;
- For an order of restitution and all other forms of equitable monetary relief;
- For injunctive relief as pleaded or as the Court may deem proper; and
- For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to the Seventh Amendment of the United States Constitution, and Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted this 11th Day of July, 2022.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   s/ Todd M. Friedman
      Todd M. Friedman
      Law Offices of Todd M. Friedman